**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK HOWARD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:10CV300 CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Derrick Howard for an extension of time to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Upon review, the Court finds that the motion must be dismissed for lack of subject matter jurisdiction.

A jury found Howard guilty of obstruction of justice, use of an interstate facility with intent to commit murder-for-hire, and threatening to murder an assistant United States attorney. On March 16, 2007, he was sentenced to an aggregate term of imprisonment of 600 months. The judgment was affirmed on August 29, 2008. Howard filed a motion for rehearing en banc, which was denied on October 22, 2008. His petition for a writ of certiorari was denied on February 23, 2009.

Howard filed the instant motion for an extension of time on February 18, 2010.[1]

In his motion, Howard states that he needs an additional eleven (11) months to prepare

and file his § 2255 motion because he is currently housed in administrative segregation

and has no access to his legal papers or the prison law library.

A motion for extension of time to file a § 2255 motion is not a justiciable "case"

or "controversy" within the meaning of Article III of the United States Constitution.

Green v. United States, 260 F.3d 78, 82 (2nd Cir. 2001) (citing United States v. Leon,

203 F.3d 162, 164 (2nd Cir. 2000)).  Consequently, a district court does not have

subject matter jurisdiction over such motions and they must be dismissed.  However,

a motion for extension of time may be construed to be a § 2255 motion if it "contains

allegations sufficient to support a claim under section 2255 . . ." Id. at 83.  So, before

dismissing a motion for extension of time for lack of jurisdiction, a district court should

first view the motion liberally and determine whether it may be construed as a § 2255

motion.  Id.

Howard did not submit a proposed § 2255 motion, and the motion for extension

does not contain any allegations sufficient to support a claim under § 2255.

Consequently, it must be dismissed for lack of jurisdiction.  Fed. R. Civ. P. 12(h)(3).

---

[1]Howard filed two similar motions in his closed criminal action.  See U.S. v. Howard, 4:05CR235 CEJ (Doc. #376 and #377).

Accordingly,

**IT IS HEREBY ORDERED** that the  motion Derrick Howard for an extension

of time to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255 is **dismissed**.

.

Dated this 9th day of April, 2010.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE